NATHAN DRYFOOS, *et al.*, v. THOMAS A. CULLINAN, *as Adm'r, &c.*

1. ADMINISTRATOR'S COMMISSIONS; *Not Allowed Where Administrator is Removed, and Refuses to Account.* In an action brought upon the official bond of an administrator, whose letters have been revoked, where such administrator has failed to make any settlement as required by law, has refused to account for the moneys collected, and compels his successor of the trust to resort to litigation to protect the rights of the estate, neither such administrator nor his sureties can reduce the amount due from him to the estate by the commissions of six per centum allowed administrators for their services under § 162 of ch. 37, Gen. Stat. 1868.

2. ———— *Claim for Fees, Not Allowed; unless Valid, and Paid.* In an action brought upon the official bond of an administrator to recover money due an estate, where the defendants attempt to reduce the amount sued for by a claim for fees in a suit in the district court, but fail to show that the same is a valid charge against the estate, and fail to show its payment, it is not error for the court below to reject the claim.

*Error from Davis District Court.*

ACTION by *Cullinan*, as administrator, against *Dryfoos* and three others, on an administrator's bond given by *Dryfoos* as principal, and his co-defendants as sureties. The plaintiff claimed $1,415, and interest thereon. *Dryfoos* answered separately, first, "that said John Sanderson, deceased, left no personal property at the time of his death belonging to his estate, nor since that time has any personal property belonging thereto come to the hands or knowledge of defendant; while all sales of real property of said estate, which at any time have been made were made by one Wm. Sanderson, a co-administrator, and the moneys received therefrom were disbursed by him, and not by defendant, and under the order of the probate court;" and second, that there was due defendant from the estate of said John Sanderson the sum of $446.08, for which he claimed judgment. The sureties answered, alleging the same matters set forth in the answer of *Dryfoos*. There was annexed to each answer, as a part

thereof, a "statement of administrator's account," between the estate of Sanderson and *Dryfoos*, which statement admits the receipt by *Dryfoos* of $995 in money, and alleges payments to amount of $1,005.74—claiming $10.74 as due to *Dryfoos*, to which are the added claims of $60.34 as "commissions and percentage," and $375 as "a reasonable allowance as administrator in charge of said estate, and for collecting and preserving the same until the revocation of his letters of administration." Total, $446.08. Plaintiff replied, a general denial. Trial at the May Term 1875. The evidence was mainly documentary, being records of the probate court. The defendants claimed certain allowances which are mentioned in the opinion, *infra*. Finding and judgment in favor of plaintiff for $1,036.16. *Dryfoos* and his co-defendants bring the case here on error.

*C. G. Cox*, and *James Ketner*, for plaintiffs in error.
*McClure & Humphrey*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Cullinan in the court below, as administrator *de bonis non* of the estate of John Sanderson deceased, against Dryfoos and others on the official bond of said Dryfoos, as administrator of said estate, to recover moneys received by Dryfoos as such administrator. The petition charged that Dryfoos was guilty of waste and unfaithful administration. Dryfoos was appointed administrator August 17th 1870, and his letters of administration were revoked by the probate court August 1st 1874. Cullinan was thereupon appointed administrator *de bonis non* of the said estate of Sanderson deceased. The record shows that no settlement, annual or otherwise, was ever made by Dryfoos as such administrator, and no statement or voucher for any disbursements by Dryfoos for the benefit of the estate was ever filed in the office of the probate court. The only report or statement of the assets and liabilities of the estate filed by Dryfoos was the inventory

provided by the statute, and a paper showing the alleged indebtedness of the estate, of date of August 14th 1871. The plaintiffs in error claim the court below erred in refusing to allow Dryfoos for his services as administrator six per centum on the whole amount of personal estate and on the money arising from the sale of lands of the estate. The question is presented, whether in an action to recover on an administrator's bond, when there has been unfaithful administration, the administrator guilty of dereliction of duty, is entitled to reduce the amount of money wrongfully detained by him after his removal from administratorship, by the commission prescribed in § 162, of the act relating to executors and administrators. We think not. Such a construction of § 162 would be grossly unjust. When a person is unfaithful to a trust confided in him, and compels the parties interested therein to resort to litigation to protect their rights, he forfeits his right to compensation for his services. *Sumner v. Reicheniker*, 9 Kas. 320. The section relied upon to give Dryfoos compensation was evidently intended to recompense an executor or administrator who performed beneficial services to an estate, or, in other words, who complied with the provisions of law regulating the discharge of his duties. To allow the six per centum claimed, as a valid reduction from the moneys wrongfully detained by Dryfoos, after his removal from his trust, would distort the evident object of the law. The compensation provided, is for the *services* of executors and administrators; and to construe the section as contended for by the counsel of plaintiffs in error would make such compensation equally applicable for the payment of intentional or willful neglect of duty, as for services actually performed. As the record shows that Dryfoos failed to discharge his trust; as he was guilty of neglect of duty; as he failed to make his settlements as provided by law, and wrongfully refused to account for moneys collected belonging to the estate, the court below committed no error in disallowing his claim for six per centum commission. The services to such justify compensation had not been fully ren-

dered. As Dryfoos was not entitled to his claim for commission, his sureties on his bond could not be entitled to any deduction from the money due therefor.

The only other alleged error is that the court below refused to credit the account of Dryfoos with $39.80 due one A. T. Owens for "fees in the district court in the case of the heirs of John Sanderson, deceased, against W. H. Moore." The court properly rejected this claim, as the record does not show said amount to have been a valid charge against the estate of Sanderson, and fails to show that the same had been paid by Dryfoos, or by any one for him.

No error appearing in the record, the judgment of the court below must be affirmed.

All the Justices concurring.