## WILLIAM B. WEBSTER V. E. A. FILLEY *et al.*

EJECTMENT—*Writ of Restitution — Practice.* After judgment in an action of ejectment between tax-title holders, the successful claimant made a motion for an *alias* writ of restitution against a purchaser from the original owner, who was then in possession, but who was not a party to the action, and the court made an order against him, determining adversely his right of possession in favor of the successful claimant. *Held,* That the purchaser can bring the case here for review, and that the trial court erred in determining in effect his title and right to possession on such motion.

### *Error from Jefferson District Court.*

ACTION to recover possession of certain land. Judgment for *Filley* and another, on October 18, 1887. *Webster* brings the case here. The opinion contains a sufficient statement of the facts.

*Johnson, Martin & Keeler,* for plaintiff in error.
*Case & Moss,* for defendants in error.

Opinion by SIMPSON, C.: The defendants in error brought an action against I. C. Webster to recover the possession of a tract of land situate in Jefferson county. They had a tax title on the land in controversy. I. C. Webster had a tax title and was in possession. One John M. Cowan was the original owner and had a patent from the government. While this suit was pending, W. B. Webster obtained Cowan's title, and with the consent of I. C. Webster took possession of the land, and has held it ever since. Soon after W. B. Webster took possession, the district court of Jefferson county rendered a judgment in the action against I. C. Webster, and in favor of the defendants in error, for the possession of the land. A writ of restitution was issued commanding the sheriff to deliver possession of the land to the defendants in error. The officer returned the writ executed. Afterward the defendants in error showed to the court that W. B. Webster was in possession of said land, and claimed to be the owner; that he was

there with the consent and aid of his father I. C. Webster, and that he kept possession by force. They asked the court for an *alias* writ of restitution, and that the sheriff be directed to remove I. C. Webster and W. B. Webster, or any person claiming through or by them. Due notice was given to W. B. Webster of the application for an *alias* writ, and of the time when such application would be heard. W. B. Webster was present at the hearing in person and by attorneys, evidence was introduced by both sides, and all the facts are embraced in the order of the court entered on the journals of the court, and are as follows: The court finds that on May 20, 1884, W. B. Webster knew of the pendency of this action, and of the object thereof; that on said day he purchased the patent title to the land in controversy herein from John M. Cowan, and obtained from Cowan a quitclaim deed for the consideration of $275, only $75 of which has ever been paid. Neither the plaintiffs nor the defendant in this action claim said land under the patent title. They claim under tax titles. Immediately after obtaining said quitclaim deed, W. B. Webster took possession of said land, with the consent of his father I. C. Webster, and is now in possession. On these findings it is adjudged that an *alias* writ issue; that the defendant in error be placed in possession of the land; that W. B. Webster and I. C. Webster and all others holding possession by or through them, be removed from the land, and that I. C. Webster pay the costs of this motion. To all of which W. B. Webster excepts, and he is allowed time to make a case for this court.

He brings the case here, and seeks to reverse the order for an *alias* writ so far as it affects him. We are met by the contention of the defendants in error, that he is without standing in this court. It is true that he is not a party to this action. He does not seek to reverse the judgment, or any intermediate order that involves the merits of the action, or any portion thereof. All he claims is, that in the attempt to enforce the judgment for possession against I. C. Webster, he

may not be disturbed in the possession he acquired by virtue of his purchase from Cowan.

He is brought into court by a summary application after judgment, at the instance of Filley, and an order is made that determines his right of possession, as between him and Filley, adversely to him. We think he is entitled to a review of that order in this court, as it is in the nature of a final order as to his possession. Whether he is a purchaser *pendente lite*, or whether he is in collusion with his father on the question of possession, or whether he is entitled to the possession of the land by reason of holding the legal title thereto by purchase from Cowan, are questions that ought not to be determined on a motion made subsequent to a judgment in an action to which he was not a party. His right to possession by virtue of his title must be made the issue in an action of ejectment, and be determined, before it can be said to be an adjudication.

We recommend that so much of the order of the trial court that undertakes to determine his right of possession be reversed.

By the Court: It is so ordered.

All the Justices concurring.