T. H. HARROD, *as Guardian, etc.,* v. EDMUND BURKE.

No. 15,265. (92 Pac. 1128.)

SYLLABUS BY THE COURT.

1. NOTICE—*Lis Pendens.* The rule of *lis pendens* has no application to independent titles, not derived from any of the parties to the action nor from any one in privity with them.

2. TITLE AND OWNERSHIP — *Possession Acquired Pendente Lite* —*Presumption.* All persons entering upon the possession of premises after the commencement of an action for the recovery thereof are, in the absence of evidence to the contrary, presumed to have so entered under the defendant therein.

3. EJECTMENT — *Execution and Return of Writ* — *Presumption as to Regularity.* Where the sheriff, under a writ of possession, returns that he has executed the writ, and has put out a person, naming him, who was not a party to the ac-

tion, and has put the plaintiff in the writ in possession, it will be presumed, in the absence of evidence to the contrary, that he has performed his duty properly, and that the person so removed held under a party or some one in privity with a party to the action, and was therefore bound by the judgment.

4. —— *Successful Party Entitled to Emblements.* Crops immature and growing on real estate when the successful party in an action of ejectment is placed in possession of the premises are part of the real estate, and in the absence of proof showing any right of severance belong to such successful party.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 7, 1907. Reversed.

*Hackney & Lafferty,* for plaintiff in error.

*A. M. Jackson,* and *A. L. Noble,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: This was an action of replevin for wheat in the shock. The court directed a verdict for the defendant, and the plaintiff brings the case here. Error is predicated upon this instruction.

The wheat was upon lands for the possession of which the plaintiff's wards recovered a judgment, which was affirmed in this court. (*Beiswanger v. Bangs,* 72 Kan. 702, 83 Pac. 1032.) The defendant entered into possession of the land after the action of ejectment had been commenced, under a contract to purchase from one H. T. Trice, who was not a party, and was not shown to be in privity with any party thereto, and whose title, if he had any, was not disclosed. A writ was issued upon the judgment in that action to put the plaintiffs therein in possession. The writ commanded the sheriff to put out the defendants in the action, Christian Henry Beiswanger and F. B. Cook, "or any person or persons found in possession," and

to restore the possession to the plaintiffs. The sheriff served this writ, and made return that he had done so, and that he had put Edmund Burke out of possession and had put the guardian of the plaintiffs named in the writ in peaceable possession of the lands. At that time, May 25, 1905, the wheat in question was growing on the premises. When the wheat ripened, Burke entered and cut it. It was then replevied by the plaintiff in this action. The statute provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition." (Gen. Stat. 1901, § 4515.)

The plaintiff argues that this statute applies to all persons, whether parties to the action or in privity with such parties or not. This is not the correct view. The statutory provision is to be construed in the light of the authorities generally on the subject of *lis pendens,* and is designed to embody the doctrine of equity jurisprudence on that subject. (*Smith v. Kimball,* 36 Kan. 474, 13 Pac. 801.) The rule in equity is that a pending suit, duly prosecuted and not collusive, is notice to a purchaser of the property in dispute from a party to the litigation, so as to affect and bind his interest by the decree. (2 Pom. Eq. Jur., 3d ed., § 633.) The constructive notice by the pendency of the suit extends only to those who derive title from a party or privy *pendente lite.* (2 Pom. Eq. Jur., 3d ed., § 637.) The purpose of the rule is to prevent third persons during the pendency of the litigation from acquiring interests in the land which would preclude the court from granting the relief sought, and it has no application to independent titles, not derived from any of the parties to the suit nor in succession to them. (*Merrill v. Wright,* 65 Neb. 794, 91 N. W. 697, 101

Am. St. Rep. 645; *Webster v. Filley*, 43 Kan. 475, 23 Pac. 1080; *Travis v. Supply Co.*, 42 Kan. 625, 22 Pac. 991.)

It was proper, however, for the sheriff under the writ to place the plaintiffs therein in possession, and in performing this duty to dispossess the defendants named in the writ and all persons holding under or in privity with them after the commencement of the action. It is shown that the defendant, Burke, went into possession under H. T. Trice, but the origin of Trice's title, if he had any, is not shown. After producing his contract from Trice the defendant offered no evidence to show title in his vendor. In such a situation the presumption is that Trice held under a defendant in the ejectment action. All persons entering upon possession of property *pendente lite* are presumed to have entered under the defendant in the litigation. (3 Freeman, Executions, 3d ed., § 475.) The supreme court of California, in deciding this proposition, said in *Wetherbee v. Dunn*, 36 Cal. 147, 150, 95 Am. Dec. 166, affirming the same statement in *Leese v. Clark*, 29 Cal. 664, 671:

"*Prima facie* all who come into possession after action brought must go out, for the presumption is, nothing to the contrary appearing, that they came in under the *defendant*. This presumption is not overthrown by showing that they came in as tenants of John Clark, without showing affirmatively that John Clark also came in before suit brought, *or, at least, that he has come in under a title adverse to that of the defendant, not in collusion with him,* and under such circumstances as would entitle him to the protection of the court, on a proper application, against the writ."

In an early case in Kentucky the rule was thus stated:

"If it had appeared that the appellees had been in possession, not under the defendant in the suit in which the decree was pronounced but in virtue of a paramount title, they would no doubt have been entitled to the interposition of the court in their favor.

Harrod v. Burke.

But they have not shown how they claim, and in the absence of all proof of the fact we cannot presume that they held under such title; and if they held under the defendant in the suit, whether as lessees or as purchasers, as it appears they obtained the possession pending the suit, the decree is unquestionably obligatory upon them, as well as the defendant; and we are acquainted with no principle or practice which would require a *scire facias* to be served on them before they could be turned out of possession." (*John Long v. William Morton et al.*, 2 A. K. Marsh. [Ky.] *40.)

Mr. Justice Field, delivering an opinion of the federal circuit court, held:

"*Prima facie* all parties entering upon land after suit in ejectment brought for its recovery are in possession in subordination to the defendant, and are equally liable to be removed by the writ issued upon the judgment recovered against him." (*Hall v. Dexter*, 3 Saw. [U. S. C. C.] 434, syllabus.)

In the absence of any evidence showing what title, if any, Trice had or claimed to have, the proof that the defendant entered as his vendee did not rebut the presumption that he was holding under the defendants in the ejectment action.

There is the further presumption that the proceedings of the sheriff were regular, for in the absence of evidence to the contrary it must be presumed that the officer performed his duties properly. (*Head v. Daniels*, 38 Kan. 1, 15 Pac. 911; *Wilkins v. Tourtellott*, 42 Kan. 176, 22 Pac. 11.) Nothing to the contrary appearing, it must be presumed in favor of the regularity of the proceedings and the truth of the sheriff's return that the defendant was in possession in succession to, or in privity with, the defendants named in the writ, and therefore subject to its operation.

The sheriff having delivered the possession of the land with the wheat growing upon it, the plaintiff, presumptively at least, was entitled to such wheat. It was a part of the real estate. (*Chapman v. Veach*, 32

Kan. 167, 4 Pac. 100; *Land Co. v. Barwick,* 50 Kan.
57, 31 Pac. 685.)   In the absence of evidence showing
any right of severance in the defendant, the plaintiff
was entitled to the possession of the wheat under the
writ.  (Adams, Ejectment, 4th ed., *347; 3 Freeman,
Executions, 3d ed., § 474; 15 Cyc. 183; *Huerstal v.
Muir,* 64 Cal. 450, 2 Pac. 33.)

As the defendant, Burke, was *prima facie* holding
under the defendants in the ejectment action, no evi-
dence of an adverse title being offered, and the pre-
sumption, in the absence of evidence to the contrary,
being also in favor of the regularity of the proceed-
ings of the sheriff, the plaintiff appears to have been
in the lawful possession of the growing wheat when
the defendant entered and cut it.   The court erred
therefore in instructing a verdict for the defendant,
and in denying the motion for a new trial.

The judgment is reversed and a new trial ordered.