E. F. MADDEN v. THE CHESHIRE PROVIDENT INSTITUTION *et al.*

No. 15,402.   (94 Pac. 793.)

SYLLABUS BY THE COURT.

1. AGENCY—*Acting for Opposing Parties.* The good faith which underlies the law of agency prohibits a person from acting as the agent of opposing parties. *Held,* that the agents of the owner in this case were not the agents of the plaintiff for any purpose in connection with the sale and purchase of the real estate.

2. CONTRACTS—*Sale of Real Estate—Breach—Damages.* The owner of real estate in Kansas resided in New Hampshire. His agents in Kansas had authority to secure a purchaser, and wrote to him submitting an offer by the plaintiff to purchase at a certain price. He replied authorizing his agents to accept the offer and enclosed deeds conveying the property to the plaintiff. Before his action had been communicated to the plaintiff the agents received from another person a better offer, of which they informed their principal, and which he accepted. The real estate was sold and conveyed under the second offer. *Held,* that the plaintiff had no cause of action for damages against the owner or the agents.

3. ——— *Offer and Acceptance.* Under the facts stated in the preceding paragraph there was no acceptance of the plaintiff's offer. The letter of instructions and the deeds were as much in the owner's control while in the hands of his agents as though they had never left his own possession. So long as the acceptance had not been communicated to the proposed purchaser it was within the power of the owner to revoke it.

4. AGENCY—*Duty to Principal—Liability to Third Parties.* The agents of the owner were bound to inform him of any increase in the value of the land which was unknown to him when he fixed the price; and, being under no obligation to

the plaintiff, the latter cannot maintain an action against them based upon their performance of a duty which they owed to their principal.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed March 7, 1908. Affirmed.

### STATEMENT.

E. F. MADDEN sued the defendants in error to recover damages in the sum of $1400 ·for refusing to convey certain real estate, which he claimed the defendants had agreed to sell him under a written contract. On the trial the court .sustained a demurrer to the evidence, and plaintiff brings error. The material facts are as follow: The real estate is located at Hays and is known as the Brunswick hotel. It belonged to the Cheshire Provident Institution of Keene, New Hampshire, an insolvent corporation, of which Orville E. Cain was the assignee. George M. Noble & Co., real-estate agents at Topeka, were acting as rental agents of the hotel, and, in September, 1904, had been endeavoring to find a purchaser. Plaintiff, who resides at Hays, was a prospective buyer. On September 2 he received from Noble & Co. a letter reading as follows:

"Brunswick property going at $5500 cash or more than half cash, unless you want to wire me at least $5600, say $3000 or all cash, balance one year at six."

He wired them: "We accept your proposition, basis your letter. We write." On the same day he wrote to them confirming the telegram, and added the following:

"Will say that as soon as you get the papers around, and the abstract, we will pay you $3000 cash, and possibly all cash. If you will make a fair discount on the deferred part we will pay all cash."

Noble & Co. answered by the following letter:

"We have yours of the 3d, and have no doubt the proposition will be accepted. As a matter of fact, our letter was not intended as a proposition, but at the

same time we believe it will go through, because we shall urge that it go through, and in conversation with the owner when here a short time ago we received the impression that he would abate his $6000, if we thought it advisable, to some extent. We have no doubt it will be accepted, but at the same time we did not present it to you as a proposition, but rather as our idea of the state of things which existed here at the time. I have written him and have sent him deeds to be executed, made out to E. F. Madden, and asked him to sign them and return them, and have no doubt it will be done. Will advise you as soon as we are ready."

On the same day they wrote to the assignee informing him of the offer and enclosed deeds to be executed to Madden if the terms were satisfactory. On the 9th of September the assignee replied by letter returning deeds duly executed conveying the property to Madden, with instructions to Noble & Co. to accept the offer. By the time this letter arrived Noble & Co. had received from another person an offer of $6000. They immediately notified the assignee of this change in the situation, and sent him deeds to be executed in blank and returned for use in case the sale at the higher price could be closed, but informed him that they would keep Madden in ignorance of the other negotiations until it was seen whether the $6000 price could be obtained. The assignee promptly sent the deeds requested and expressed the hope that the agents would be successful in selling at the higher price. Noble & Co. succeeded in selling the property at $6000, and notified plaintiff that the owner refused to accept his proposition.

*W. E. Saum, W. F. Schoch, Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*George H. Whitcomb,* and *Clad Hamilton,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: Several propositions are discussed in the briefs which, in the view we have taken of the case, it will be unnecessary to consider at length. Considerable ingenuity is displayed in two contentions: (1) It is said that if it were essential to the making of a binding contract that the fact of acceptance be communicated to Madden, it was communicated to him when Noble & Co. received the letter from the assignee authorizing them to deliver the deeds which had been duly executed. (2) It is contended that the deeds were actually deposited in escrow by the owner, and that Noble & Co. held them for that purpose.

Both of these contentions rest upon the proposition that Noble & Co. were the agents of Madden as well as agents for the owner. To this we cannot agree. They were the agents of the owner, and the law is well settled that an agent cannot represent both parties. There may be limitations to the general rule, but the rule is inflexible where the interests of the parties conflict. The vital principle of the law of agency is said to be good faith, and this prohibits one from acting as the agent of opposing parties. (1 A. & E. Encycl. of L. 1073; *Walker v. Osgood,* 98 Mass. 348, 93 Am. Dec. 168; Mechem, Agency, §§ 455, 972.) In the recent case of *Winter v. Carey,* 127 Mo. App. 601, 106 S. W. 539, the Missouri court of appeals said:

"There is scarcely a rule of law which has received more uniform approval than that an agent cannot serve the opposing party without the knowledge and consent of his principal. The law, recognizing that, in general, human nature is too weak to assure faithful service in such circumstances, has absolutely forbidden such dual position." (Page 603.)

In that case the agent claimed that his action was for the interest of his principal, and that in acting for the opposing party no fraud was intended and no in-

jury done, but, in fact, a benefit accrued to his principal. After citing authorities, the court said:

"Good faith on the part of the agent and lack of harm to his principal will not interfere with application of the rule, for it is founded in public policy." (Page 603.)

It is very clear that Noble & Co. were not in any sense the agents of Madden.

Again, it is insisted that under the facts in this case it was not essential to the making of a binding contract that the acceptance be communicated to Madden at all. For the reasons which we shall attempt to show, it is wholly unnecessary to consider this claim. Noble & Co. were agents with no authority to make or accept a proposition which would bind the owner. Their correspondence with Madden resulted simply in a proposition by Madden to purchase the property at a certain price. This proposition was submitted to their principal, and there was lacking only his acceptance to make a binding contract. Now, it is contended that there was an acceptance, and that this is shown by the proof which the plaintiff offered that the assignee sent to Noble & Co. a letter enclosing deeds duly executed, with instructions which, in fact, accepted Madden's proposition. But this did not constitute an acceptance. It is true there was evidence tending very strongly to show that the owner was satisfied with the offer, and intended to accept it, and that he went so far as to have deeds of conveyance executed and to notify his agents of his intention; and, if the instructions in this letter had not been afterward modified, they would doubtless have resulted in a completed contract of bargain and sale. But before closing the matter the assignee received a better offer, which he accepted, and for this reason declined Madden's. Keeping in mind the fact that Noble & Co. were his agents and not Madden's, and that what one does through and by an agent he does through and by himself, it cannot be said that the owner of the property accepted the

offer of Madden so long as the acceptance was within his control. It was as much in his control while in the possession of his agents at Topeka as though the deeds which had been executed and the letter of instructions to his agents had been left upon his desk in New Hampshire. So long as they were in the hands of his agents they were in his own hands. This disposes of every contention in the case. If there was in fact no acceptance, it is useless to consider the question of the effect of notice to Madden of something which never occurred.

Noble & Co. owed good faith to their principal, but were under no obligation whatever to Madden. As the agents of the owner they were bound to inform him of any increase in the value of the land which was unknown to him when he fixed the price. (*Hegenmyer v. Marks*, 37 Minn. 6, 32 N. W. 785, 5 Am. St. Rep. 808.) Since they owed no duty to the plaintiff, he cannot maintain an action against them based upon their performance of a duty which they owed to another.

One of the theories upon which the plaintiff tried the case was that a conspiracy existed on the part of the agents and the owner to defraud him out of the benefits of a contract, but as there was no contract entered into there is no foundation for the theory.

The judgment is affirmed.