No. 30,864.

W. S. McMichael, *Appellant,* v. Ferd Burnett, *Appellee.*

(17 P. 2d 932.)

Opinion filed January 7, 1933.

*H. E. Walter,* of Kingman, for the appellant.

*Charles C. Calkin* and *Clark A. Wallace,* both of Kingman, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This action was one to recover for a breach of a partnership relation. The trial court sustained a motion for a judgment on the pleadings, from which the plaintiff appeals.

The petition contained two causes of action. It is alleged that on or about November 4, 1929, the parties entered into an oral contract whereby it was agreed that they would jointly and as partners trade for a building and its contents located at Cunningham, known as the Cannon Ball garage, which was then owned by O. A. Meng, who was conducting a garage business in the building; that the plaintiff would take the possession of the property and keep the business in operation until they could sell or otherwise make disposition thereof, and they would share equally in the profits derived from the transaction; that thereafter, and in furtherance of the agreement, they entered into a tentative agreement with Meng to the effect that they would trade or exchange the building and contents for land in western Kansas; that in the meantime the plaintiff would take possession of the building and keep the business in operation until a valid and binding trade or exchange satisfactory to Meng could be made, and if such trade or exchange was not made the property would be returned to Meng. It is further alleged that the plaintiff performed his part of the agreement, took possession of the business and building and while in the possession thereof the defendant, in December, 1929, with the intent to violate his contract with the plaintiff, entered into a new agreement with Meng, without the knowledge or consent of the plaintiff, and traded the building and business for western Kansas land, took the title in his name and excluded the plaintiff from any possession or participation in the transaction, to the injury and damage of the plaintiff in the sum of $3,000.

In the second cause of action the plaintiff set out the same agreement and alleged that plaintiff operated the business under and by virtue of the contract from November 5, 1929, to January 30, 1930, and if the court for any reason found that plaintiff was not entitled to recover damages on the contract set out in the first cause of action that he recover on the implied contract the reasonable value of his services, which he alleged was $3,000.

The answer consisted of a general denial and a special denial of the partnership relation. It was alleged as an affirmative defense

that all matters contained in the first cause of action had been adjudicated in a former cause between the parties. Attached to the answer and made a part thereof are the pleadings and judgment of the court in case No. 8631, which was an action in the same court wherein Burnett was plaintiff and McMichael was defendant. In this petition it was alleged that Burnett was the sole owner of the property described therein (Cannon Ball garage and its contents), and that McMichael had no interest in or to said property but was in the possession thereof; that Burnett employed McMichael to conduct and carry on the business as his agent; that McMichael had repudiated the agreement and since November, 1929, had been unfaithful to his duties as agent and employee of Burnett to his irreparable loss and damage. It was further alleged that Burnett had been damaged by the acts and conduct of McMichael. The prayer of the petition was that Burnett be adjudged the sole owner of the property and entitled to the possession thereof; that McMichael be restrained from exercising any control or ownership over the property, and that Burnett recover damages from McMichael in the sum of $2,000.

McMichael answered denying generally the allegations contained in the petition and specially denying that he was the agent or employee of Burnett in the operation of the business. He alleged that his possession of the property came about through an agreement made with Meng to the effect that he would take charge of the property, control and manage it until a satisfactory trade was found; that afterwards McMichael agreed with Burnett that they would treat the trade he was then making as a joint transaction, and that they would share equally in the property acquired. He prayed that Burnett take nothing by his petition, and that the court make such decree in the premises as might be just and equitable. Burnett replied that McMichael was indebted to him in the sum of $494.50 by reason of the money advanced by him, and that he was not indebted to McMichael in any sum.

The journal entry of judgment recites that the parties appeared in court on September 28, 1931. Judgment was entered in favor of Burnett, quieting his title to the premises and barring McMichael from any interest therein. The following order was made:

"It is further ordered, adjudged and decreed that the issue as to damages claimed to have been sustained by said plaintiff and the issue as to compensation claimed by said defendant, be and they are hereby reserved and held open for the future trial and determination by said court."

Answering the second cause of action contained in the petition, the defendant admitted that the plaintiff was in the possession of the property from November 5, 1929, until January 8, 1930, and alleged that during all of the time the plaintiff was in possession of the property he was unfaithful to his trust and utterly disregarded and ignored the rights of the defendant; that he sold and delivered merchandise on credit, failed and neglected to make any record thereof or any inventory of the stock; that he refused to surrender the possession, and secretly connived with O. A. Meng, inducing him to file a suit against the defendant. A cross claim is also set out in the answer, in which the defendant asks a judgment against the plaintiff. The reply was in effect a general denial. On these pleadings a motion by the defendant for a judgment was sustained by the court.

The difficulty between the parties to this litigation grew out of an oral contract concerning the acquisition of the Cannon Ball garage and the operation thereof. The controversy developed into a lawsuit which was tried out and resulted in a judgment in favor of the appellee. The case, while primarily an action to quiet title and obtain possession of the property, raised many other issues. The pleadings charged the breach of an oral agreement and fraudulent conduct resulting in damages. The issues appear to have been broad enough to litigate all controverted matters in connection with the transaction. At the close of the litigation the court reserved for future determination the claim for damages made by Burnett and the issue as to compensation claimed by McMichael. All other matters in connection with the controversy were, we think, adjudicated. The rule of law is well established that in litigation between two parties everything is adjudicated between them which might properly have been litigated. (*Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914, and cases there cited.) This limits the question involved to the consideration of the reservation made by the trial court in the first judgment.

The issue raised in the cross petition in which the appellee seeks to recover from the appellant is not before us, and consequently the issue is reduced to the question of the appellant's right to recover compensation from the appellee.

The appellant seeks to recover compensation under an implied

contract for services rendered. He alleges that he managed and operated the business and that by reason thereof he is entitled to compensation for such services from the appellee, who was adjudged to be the owner of the property. In the first suit he denied that he was operating the business as the agent or employee of the appellee, and alleged that he was in possession of the property under an arrangement with Meng. In this suit he bases his right to recover on the allegation that he was the agent and employee of the appellee. No rule of law is better settled than that an agent cannot serve two masters. He cannot be heard to say in one case that he represents one party and in a subsequent case involving the same transaction that he represents another party with adverse interests. Good faith is the vital principle of the law of agency and prohibits one from acting as the agent of opposing parties, and the law justly deprives the agent of any compensation under such circumstances. (*Dryfoos v. Cullinan, Adm'r*, 17 Kan. 452, 454; *Deter v. Jackson*, 76 Kan. 568, 92 Pac. 546; *Madden v. Provident Institution*, 77 Kan. 415, 418, 94 Pac. 793; 21 R. C. L. 827; 2 C. J. 760.)

The pleadings in this case clearly show that the first cause of action set out in the petition had been fully adjudicated; that the appellant had contended in court that he was not the agent of the appellee, and, having put the appellee to the expense of litigating this question, he cannot now claim compensation.

The judgment of the district court is affirmed.