No. 33,514

WALTER E. FERGUSON, *Appellant,* v. THE PETERSIME INCUBATOR
COMPANY, *Appellee.*

(73 P. 2d 1026)

Opinion filed December 11, 1937.

*Joseph Cohen,* of Kansas City, for the appellant.

*Joel E. Osborn, Jr.,* and *Elmer E. Martin,* both of Kansas City, for the
appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a judgment rendered on plead-
ings, the present action being the third of a series of actions be-
tween the parties hereto.

At one time appellant and his brother were engaged in business
under the firm name of Ferguson Brothers Hatchery. The brother
retired, and the business was continued by appellant, and for our
purposes we shall treat him as always being the owner, and shall
refer to him as Ferguson. In November, 1932, Ferguson purchased
from the Petersime Electric Incubator Co., hereafter called the
company, three incubators for use in his business, under a contract
providing for deferred payments of the consideration, and reserving
title in the company until all payments were made.

On September 26, 1933, the company filed an action asking for
appointment of a receiver for Ferguson's business, and without
notice a receiver was appointed, who took charge of the business

and conducted it until he was discharged on October 19, 1933. Thereafter and on January 26, 1934, the company brought a replevin action against Ferguson and obtained possession of the incubators. In that action Ferguson filed an answer alleging extension of time of payments due under the contract and denying that the company was entitled to possession of the incubators. He also filed a cross petition and counterclaim, alleging:

"That at the time of the commencement of said last-described suit [receivership], this answering defendant was operating a hatchery and feed business at 910 Southwest boulevard in the city of Kansas City, Wyandotte county, Kansas. That he was earning the sum of approximately two hundred dollars ($200) a month in the operation and conduct of said business."

He also alleged the facts with reference to the above receivership action and that the appointment of the receiver was wrongfully obtained, and—

"That as a result of the appointment of said receiver, this answering defendant was deprived of the conduct and operation of his business, his credit and credit standing was injured and damaged, his good name and reputation in the community where he lives was impaired and his standing and reputation with his customers was damaged and impaired; that his business in the sale of feed was practically destroyed, causing him to lose practically the sum of one hundred twenty-five dollars ($125) a month, which he formerly was able to earn from said source, and that he will be deprived of said feed business for a long time in the future, and perhaps permanently, as a result of said receivership; that he was compelled to employ an attorney to contest and defend said receivership and expended or obligated himself to expend the sum of one hundred fifty dollars ($150) as and for attorney's fees for said services. . . ."

and praying judgment for $5,000. The trial, held January 30, 1935, resulted in a judgment for Ferguson that he was entitled to possession of the incubators and to $1,250 damages. The company appealed to this court, which affirmed the judgment in *Petersime Incubator Co. v. Ferguson,* 143 Kan. 151, 53 P. 2d 505, to which reference is made for a more complete statement of the matters above mentioned.

Although the record, as abstracted, does not show affirmatively, apparently after the above appeal had been determined Ferguson filed the present action against the company and the surety on the replevin bond for damages for wrongful replevin. The action was dismissed as to the surety. On June 15, 1936, Ferguson filed his second amended petition, alleging that the company had brought the

above suit in replevin and that it resulted in a judgment in his favor; that at the time the incubators were taken he was hatching eggs which he had to move, causing $200 damage; that he had contracts for hatching to perform under which he was compelled to have hatched 13,074 eggs at a cost of $2,941.76, and that as a result of the wrongful replevin he was unable to operate a hatchery business profitably and was compelled to give up the business. He further alleged the replevin action was wrongfully commenced by the company, which knew he had a meritorious defense, and that he was entitled to possession of the incubators, and that he was compelled to retain an attorney to defend himself at an expense of $500. He prayed judgment for $3,641.76. The company answered, admitting the bringing of the replevin action, setting up the pleadings, instructions to the jury and the verdict, and alleging that each and every item of damage and claim of plaintiff had been adjudicated in that action, and that plaintiff's pretended cause of action was *res judicata*. For further answer it was alleged that plaintiff's pretended cause of action could and should have been presented in the replevin action and that plaintiff was attempting to split his cause of action, if any, against the company and to relitigate questions necessarily involved in the replevin action. The answer further alleged an account stated setting up a balance of $2,127.27 on the original purchase agreement, and an offer to return the incubators, which balance was agreed to by Ferguson and a place of delivery of the incubators fixed, as shown by exhibits attached, and that the company tendered the incubators and complied with the agreement. There is further allegation that Ferguson refused to accept the incubators when tendered. Other allegations need not here be noted. The prayer was for judgment against Ferguson for $2,127.27, and for an order directing sale of the incubators and application of the proceeds of the sale, and for execution against plaintiff for any balance.

Ferguson's reply was a general denial, an admission the so-called account stated and tender were served on him about April 10, 1936, and that about April 14, 1936, he executed the instrument attached as an exhibit to the answer, a specific denial the company complied with the acceptance of the tender of the incubators and an allegation it unreasonably delayed redelivery of the incubators; that redelivery was not offered until May 21, 1936, on which date the space reserved for the incubators had been otherwise used; that Ferguson

directed the company to deliver the incubators at another place, which the company refused, retaining possession of the incubators; that the incubators so converted to its own use by the company were of the reasonable value of the unpaid balance due on plaintiff's notes. Prayer was for judgment according to the prayer of his amended petition.

At the request of the company, the trial court tried the questions of law involved in advance of any issues to be submitted to the jury, and the company, having moved for judgment on the pleadings, found that the issues tendered had been previously litigated and were *res judicata,* and that Ferguson was estopped from relitigating them; that the pleadings showed an account agreed upon and that the company was entitled to judgment for $2,127.27 and interest. The court's findings with respect to tender of the incubators need not be fully set forth, but it found the reason assigned for refusal to accept delivery at the time it was tendered was lack of space, and inconsistent with the present claim that Ferguson did not accept on account of unreasonable delay; that Ferguson had never offered to pay the balance due and was not in position to insist upon delivery without doing equity, and that the incubators should be sold and the proceeds applied to the judgment. Judgment was rendered accordingly. Ferguson's motions to set aside the judgment and for a new trial were denied and he appeals.

Ferguson correctly contends that a motion for judgment on the pleadings is equivalent to a demurrer, and the admission of facts made thereby is only for the purpose of determining their legal effect. (*Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506, and cases cited.) Whether the trial court correctly ruled on the company's motion for judgment will be tested under that standard.

In connection with the trial court's ruling that the issues as to damages presented by appellant's answer were *res judicata,* Ferguson contends that under the decisions in *Johnson v. Boehme,* 66 Kan. 72, 71 Pac. 243, and *Bank v. Venard,* 109 Kan. 15, 197 Pac. 877, it was optional with him whether he present his counterclaim for damages for wrongful replevin in the trial of the replevin action, or in a separate action. The company contends the above cases do not sustain Ferguson's position in the present action, but for reasons hereafter noted we do not deem it necessary to analyze whether Ferguson's contention is correct or not.

It may be conceded that the wrongful receivership gave rise to a cause of action for damages occasioned thereby, and that the sub-

sequent wrongful replevin gave rise to another cause of action for damages occasioned by it, and it may likewise be conceded that on the trial of the replevin action it was not obligatory upon Ferguson to counterclaim for his damages therein. As has been noted, in the trial of the replevin action, Ferguson saw fit to file a counterclaim in which he alleged he was operating a *hatchery and feed* business from which he earned a certain amount, and that as a result of the appointment of the receiver he sustained certain losses to his business, and that his credit and credit standing were injured, his good name and reputation damaged, his feed business practically destroyed, etc. While it is true he made no specific mention of damages to the hatchery end of the business, it must be apparent that the conduct of the hatchery was just as much a part of the business as was the feed business, and that credit and credit standing, good name and reputation were no more part of the feed end of the business than they were of the hatchery. Even though his business was hurt from two different causes, both of the causes had occurred and the losses from each were ascertainable at the time the counterclaim was filed. The situation is simply this: In his counterclaim he sought and recovered damages for certain items affecting the whole of his business and for certain other items affecting only a part of it. In the present suit he seeks to recover for certain items which he alleges were caused by the wrongful replevin, as distinguished from the wrongful receivership. It is apparent that in both the counterclaim in the replevin action, and in the petition in the present action, Ferguson sought to recover damages for injuries to his business or a part thereof.

In *Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164, it was held:

"While in fact the question of damages was not litigated or determined in the former suit, still as such relief was possible and inhered in the cause of action therein set up, the same cause of action cannot be again used to obtain the relief which might have been had in such prior proceeding." (Syl. ¶ 3.)

In *Snehoda v. National Bank,* 115 Kan. 836, 224 Pac. 914, it was said:

"Rule applied that a litigant is entitled to whatever relief her cause of action pleaded and proved, or admitted or not denied, entitle her, whether such relief is included in the prayer of her petition or not; and an amendment to the prayer of her petition is not a prerequisite to such relief.

"Rule applied that a lawsuit between litigants in their ordinary capacity adjudicates between them not only what they chose to litigate, but everything incidental thereto which could be litigated under the facts which constitute the cause of action." (Syl. ¶¶ 1, 2.)

(See, also, *McMichael v. Burnett,* 136 Kan. 654, 17 P. 2d 932; *Baltimore S. S. Co. v. Phillips,* 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.)

As we view the matter, the subject matter of the counterclaim was damage to the business, and under the above rules it was obligatory upon the claimant for damages to present all and not part of his claim.

But this appeal need not be disposed of solely on the basis that Ferguson had but one cause of action. We may consider what was actually done at the trial of the counterclaim according to the record as pleaded in the case at bar. If we assume that the damages arose from different wrongful acts, and that each constituted a separate cause of action, then in that situation the rule most favorable to appellant is that stated in *Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825:

"The rule that a judgment in bar, or as evidence in estoppel, is binding not only as to every question actually presented and considered and on which the court rested its decision, but also as to every question that might have been presented and decided, does not apply to a different cause of action between the same parties, except as to questions shown to have been actually decided in the former action." (Syl. ¶ 1.)

This rule has been followed repeatedly in this state.

In the company's answer, reference is made to the pleadings, the evidence and the court's instructions in the replevin action, all tending to show that damage to the hatchery, as well as the feed business, was actually litigated. Ferguson contends that such reference as was made was merely incidental. We have reëxamined the record in the previous appeal. The pleadings have been detailed heretofore. Limits of space preclude a detailed review of what transpired at that trial in the lower court, but the record shows that in Ferguson's opening statement it was said the receiver took charge of the business, "not only the incubators, but they took charge of the whole business," and destroyed the business, and in response to an inquiry by the trial court, said further that a previous motion to strike out the counterclaim for damages had been overruled "because we were counterclaiming for damages arising out of the previous suit [receivership] but the same transaction involved in this suit." Ferguson testified about demands made upon him for payments on his obligations, that possession of one of the incubators had been demanded, and that the receivership followed; that when the receiver was appointed he had a nice feed business. He was asked on direct examination how much business

he was able to do after the receivership and stated he never had any business and, as abstracted—

"I quit business in June of 1934 . . . I could not get a dime of credit again. I could not run a hatchery after the receivership. I sold other chickens, in fact it demolished the whole business. I have not been able to get established in the feed and hatchery business again."

The trial court's instructions directed the jury that if it found in favor of the claim and allegations of Ferguson and that he suffered damages, to return a verdict in his favor for such damages, not exceeding $5,000.

We cannot agree with Ferguson's contention that he made no showing or claim for damages to his hatchery business in the replevin action, nor that such claim was not presented to and considered by the jury in its verdict in his favor.

The trial court did not err in holding the claim for damages *res judicata.*

Ferguson also complains the trial court erred in rendering judgment in favor of the company for the balance due on the notes and for the sale of the incubators and the application of the proceeds of the sale to the judgment. This claim is predicated in part on the fact the general issue was not *res judicata* and that the company did not promptly return the incubators in accordance with its agreement. There is also some complaint that the amount of the judgment in the replevin action, which was credited on the amounts due on Ferguson's indebtedness to the company, should not have been credited, because Ferguson had assigned the judgment to third persons. No good purpose would be served by setting out fully the contents of the written tender to return the incubators, which included the statement of the balance due from Ferguson to the company, nor of Ferguson's reply designating place of delivery and calling the company's attention to the fact Ferguson had assigned the judgment which the company had credited on his debt, nor to statements and admissions made on the hearing before the trial court on the motion for judgment. The trial court's finding the incubators were tendered at the place designated by Ferguson, whose refusal to accept was not based on delay in the tender, is sustained by the record. Ferguson may not complain the company gave him credit for the amount of the judgment which he alleges he had assigned. If his contention the company may not offset the judgment against his debt is correct, it must be made by his assignees, who are not parties to this action. As it was actually offset

and credited he stands charged with that much less than otherwise would be due from him, so he is not harmed.

It has not been made to appear the trial court erred, and its judgment is affirmed.