No. 34,724

PETERSIME INCUBATOR COMPANY, *Appellee*, v. W. E. FERGUSON et al., *Defendants*; JOSEPH COHEN and BUENA CRAWFORD, *Appellants*.

(103 P. 2d 822)

Opinion filed July 6, 1940.

*T. F. Railsback* and *Alan W. Farley*, both of Kansas City, for the appellants.

*Elmer E. Martin* and *Joel E. Osborn*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The principal question at issue in the trial court in this case was whether a judgment of $1,250 in favor of the defendant, Ferguson, in another action between the same parties growing out of the same controversy, which judgment Ferguson had attempted to assign to Joseph Cohen and Buena Crawford, could be collected from plaintiff by the assignees in cash, or whether it had been, or should be, applied upon the indebtedness of Ferguson to plaintiff. The consideration of the question by the trial court involved the consideration of the judgments in two other cases between plaintiff and Ferguson, each of which had been appealed to this court and the judgments of the trial court affirmed. (*Petersime Incubator Co. v. Ferguson*, 143 Kan. 151, 53 P. 2d 505, and *Ferguson v. Petersime Incubator Co.*, 146 Kan. 815, 73 P. 2d 1026.) The trial court held the judgment of $1,250 in favor of Ferguson could not be collected in cash by him or his assignees;

that by the judgments in the other cases it had been applied upon the indebtedness of Ferguson to plaintiff; that it should be so applied, and that Ferguson and his assignees were estopped from contending otherwise and should be enjoined from attempting to collect the judgment by garnishment or otherwise. The assignees, Joseph Cohen and Buena Crawford, have appealed.

The issue was submitted to the trial court upon a written stipulation of facts and included the files and records of the earlier proceedings in this case and of the other two cases. From these the court made findings of fact and conclusions of law. The stipulation and the findings and conclusions are quite lengthy. We shall endeavor to summarize them.

On November 21, 1932, Walter E. Ferguson and H. T. Ferguson, conducting a chicken hatchery business, by a written contract, purchased from plaintiffs three electric incubators for $3,150, of which they paid $150 in cash and executed eight promissory notes for $375 each, payable at different dates, which were stated. The notes were secured by title to the incubators, and the contract contained an acceleration clause if any one of the notes should not be paid when due.

Some of the notes being past due and unpaid, on September 26, 1933, plaintiffs brought this action to recover upon the contract and all of the notes. Upon the filing of the suit, and upon plaintiff's application, and by an *ex parte* order, a receiver was appointed who took charge of the hatchery and business which was then being conducted by Walter E. Ferguson. On October 19, 1933, the receiver was discharged and all the property which had been taken charge of by the receiver, including the three incubators, was delivered to Walter E. Ferguson. Nothing further was done in this case until June, 1936.

The replevin action: On January 26, 1934, the Petersime Incubator Company filed an action in replevin against the Fergusons, in which plaintiff alleged it owned the incubators and prayed for possession of them and $500 damages for the wrongful withholding of them. On filing the action plaintiff gave a replevin bond under which the sheriff took possession of the incubators, and no redelivery bond having been given, they were turned over to the plaintiff. H. T. Ferguson made no defense to the action, but was present in court during the trial, and when judgment was rendered in favor of plaintiff and against him for possession of the incubators. Walter E.

Ferguson filed an answer in which he alleged that he alone owned the hatchery and business at the time this action was brought, and at the time the replevin action was brought, denied plaintiff was entitled to possession of the incubators for the reason that plaintiff's agent, in consideration of $35 at one time and $200 at another, had made a valid oral agreement with Ferguson extending for one year the time of the payment of each of the notes, hence, that the notes were not due. By a cross petition and counterclaim he alleged that by the wrongful appointment of the receiver in this action, when it was first brought, his businesss had been ruined, to his damage in the sum of $5,000. The replevin action was tried late in January, 1935, and resulted in a verdict for defendant Walter E. Ferguson and fixed his damages at $1,250, on which verdict judgment was rendered. Later, and on the same day, Ferguson assigned to his attorney, Joseph Cohen, $750 of the $1,250 judgment and assigned the remaining $500 of it to his sister, Buena Crawford. These assignments were filed with the clerk of the court on January 30, 1935. Plaintiff's motion for a new trial was overruled and it appealed to this court, where the judgment was affirmed. (143 Kan. 151, 53 P. 2d 505.) See the opinion in that case for a more complete recital of the pleadings, the points involved, and the reasons for the decision. The mandate from the supreme court was filed in the district court in March, 1936.

About April 10, 1936, plaintiff's attorney delivered to Joseph Cohen, as attorney for Walter E. Ferguson, a "notice of tender," which reads, in part:

"In accordance with the judgment in the above-entitled action by which you were awarded possession of three No. 16 Petersime incubators, the plaintiff hereby tenders to you said machines and offers to place them at any point in Kansas City, Kan., desired by you. . . . We have credited on your notes and contract the sum of one thousand, two hundred and fifty dollars ($1,250) allowed by the jury, together with interest at the rate of six percent (6%) and hereby demand that you pay the balance due on said notes and contract as all of said balance is now due. The balance, according to our figures, is $2,127.27 as of April 1, 1936. . . ."

On April 14, 1936, Joseph Cohen, as attorney for Walter E. Ferguson, wrote and mailed to the Petersime Incubator Company a letter which, in part, reads:

"On behalf of Mr. Ferguson, this is to advise you that he accepts your tender, and hereby notifies you to deliver said incubators to 902 Southwest Boulevard, Kansas City, Kan. . . . Relative to your statement in said no-

tice of tender that you have credited Mr. Ferguson's notes and contract for the sum of $1,250, with interest at the rate of six percent from the date of the judgment rendered against you in the above-entitled case, your attention is again directed to the fact that Mr. Ferguson owns no interest in said judgment and has owned no interest in said judgment since the 30th day of January, 1935, when same was sold, assigned and transferred by Mr. Ferguson to Mrs. Buena Crawford, of Kansas City, Kan., and to the undersigned, Joseph Cohen, which assignments have been filed of record in the above-entitled case since that date. . . ."

Thereafter, and until May, 1936, Cohen and Crawford, in the name of Ferguson, caused execution and garnishment to be issued in an effort to collect the $1,250 judgment.

The suit on replevin bond: In the meantime, and in March, 1935, Walter E. Ferguson sued the Petersime Incubator Company, and its surety on the bond it had given in the replevin action at the time it was brought, for damages to his business alleged to have resulted from the wrongful bringing of the replevin action. Later the action was dismissed as to the surety.

The defendant answered, setting out all the pleadings, a part of the evidence, the instructions, verdict and judgment of the replevin case, and alleged the damages sought to be recovered in the case then pending had been litigated in the replevin action and that the judgment in that case was *res judicata*. By cross petition it set up the notice of tender, in which it was stated that the judgment of $1,250 in favor of Ferguson in the replevin suit had been credited on his note, and the balance due, as of April 1, 1936, was stated, and the answer thereto of Ferguson by his attorney, and alleged this was an account stated, and asked for judgment thereon as such. The plaintiff replied, admitting the notice of tender and the answer thereto, but pleaded a failure to deliver the incubators in accord with such notice. There was a partial trial in June, 1936, when the cause was continued at the request of plaintiff. When the case was reached for trial in January, 1937, defendant moved for judgment on the pleadings and asked the court to determine issues of law in advance of the introduction of evidence. The court heard this motion and found that the issues tendered by plaintiff in its petition in fact had been previously litigated, that the issues are *res judicata*, and that plaintiff is estopped by the records in the replevin action from relitigating the issues. The court further held that the pleadings show an account agreed upon to the extent of the amount prayed for by defendant in its cross petition, and that defendant

was entitled to judgment for the sum of $2,127.27 with interest since April 1, 1936; that by the statement of counsel in open court the contention of plaintiff that the incubators had not been delivered in accordance with the tender was without merit. Judgment was rendered in harmony with these findings. The plaintiff in that action appealed, and the judgment of the court was affirmed. (146 Kan. 815, 73 P. 2d 1026. See the opinion in that case for a fuller statement of the pleadings, the issues determined, and the reasons of the court therefor.)

Returning now to the case before us. In June, 1936, plaintiff filed an amended and supplemental petition, and in June, 1937, a second amended and supplemental petition, in which were set out, among other things, the pleadings and judgment in the replevin action and in the action on the bond; alleged that defendant had been given credit for the judgment of $1,250 and interest; that there was due plaintiff from the defendant the sum as found to be due in the action on the replevin bond; that defendant had failed to pay the amount found due in that action, but had caused execution and garnishments to issue upon the $1,250 judgment in the replevin action; asked for an order dissolving and setting aside those garnishment proceedings and execution, a judgment fixing the amount due plaintiff from defendant, and for other relief. Joseph Cohen and Buena Crawford were made parties defendant and they joined with the defendant, Walter E. Ferguson, and the plaintiff in the agreed statement of facts submitted to the court. This stipulation submitted to the court for decision the issue first stated in this opinion.

Among other things, the court found that in January, 1935, Walter E. Ferguson was indebted to Joseph Cohen for legal services in the Petersime litigation in a sum which Cohen claimed exceeded $750; that he also was indebted to the Petersime Incubator Company on the notes in question; also to the Nutrena Mills, Inc., in the sum of more than $800, which had been reduced to judgment; and also was indebted to sundry other persons, which facts were well known to Joseph Cohen and Buena Crawford; that no money was paid for these assignments at the time they were given, but they were given in consideration of outstanding obligations for attorney's fees and money advanced; that by the judgment in the suit on the bonds it was adjudged that the Petersime Incubator Company had complied with the judgment in the replevin action, and that after such compliance W. E. Ferguson was indebted to it, as of the date of the

trial, in the sum of $2,231.69, and that this judgment had been affirmed by the supreme court (146 Kan. 815, 73 P. 2d 1026); that by such judgment it was determined, as between all the parties to the record in the replevin action, that the $1,250 item had been used in diminution of the notes, and although Joseph Cohen and Buena Crawford knew of the existence of the proceedings, and the claims then being made, neither of them asked to be made parties, or sought to set up any claim in the action on the bonds, although up to that time they had caused execution to be issued in the replevin action; that the proceedings in the action on the bonds are binding upon and create an estoppel against Joseph Cohen and Buena Crawford the same as if it were an estoppel against W. E. Ferguson, for the reason that they were privies of W. E. Ferguson; that by reason of the judgment in the replevin action Ferguson was estopped by the record in that action from making a valid assignment of the $1,250 item, and that it would not be equitable to require the Peter-sime Incubator Company, under all the facts disclosed in these cases, to pay the judgment of $1,250 in cash, for it already had been paid by giving credit to Ferguson on his note, of all of which facts Joseph Cohen and Buena Crawford had full knowledge; that although they technically were not parties to these proceedings, they were assisting in the prosecution and defense of the action, each with full knowledge of what was involved, and were estopped by the judgments as fully as if they had been parties. The trial court's conclusions of law were in harmony with these findings. Judgment was entered setting aside the execution and garnishments issued in the replevin action, and Walter E. Ferguson, Joseph Cohen and Buena Crawford were permanently enjoined from endeavoring to collect the $1,250 item in cash.

Joseph Cohen and Buena Crawford have appealed. While stated in various forms, their principal contention is that the replevin suit was an action at law; that Ferguson's cross petition was tantamount to an action at law, which might have been brought as a separate action; that it was a counterclaim as distinct from a setoff, hence, that the judgment for $1,250 in favor of Ferguson on the cross petition was independent of any claim of plaintiff against him; that this judgment was Ferguson's individual property; that he could do what he pleased with it, could sell it for a present consideration, or assign it for existing obligations; that he did assign it to these appellants as a separate and distinct money judgment, and that

they had the right, both under the terms of the assignment and the pertinent rules of law, to collect the judgment from plaintiff without regard to what Ferguson owed plaintiff, and in doing so, that they might proceed to collect the judgment either in their own names or in the name of Ferguson, their assignor.

We think such technical distinctions as exist between a counterclaim and a setoff are not material here. Under our code (G. S. 1935, 60-710) the defendant may set forth in his answer as many grounds of defense, counterclaim, setoff, and for relief as he may have, "whether they be such as have been heretofore denominated legal or equitable, or both." A counterclaim is defined in G. S. 1935, 60-711, and a setoff in G. S. 1935, 60-713, and in G. S. 1935, 60-3120, it is provided:

"If a counterclaim or setoff, established at the trial, exceed the plaintiff's claim so established, judgment for the defendant must be given for the excess; or if it appear that the defendant is entitled to any affirmative relief, judgment shall be given therefor."

In the replevin action plaintiff sought to recover the incubators under and by virtue of its contract with the Fergusons and the notes signed by them, which plaintiff contended were in default. The defense was that the notes were not due because, for a valuable consideration, they had been extended one year from their due dates. Then, by what was called a cross petition and counterclaim, defendant contended plaintiff was indebted to him in the sum of $5,000. Under the statute last quoted, had the verdict on this counterclaim been for the full amount asked, defendant would have been entitled to a judgment for the excess above the amount of the note set up by plaintiff. Since the judgment on the counterclaim was for less than the amount of the note, this statute would authorize a credit for the amount of the judgment. Our cases support this view. (*Gardner v. Risher*, 35 Kan. 93, 10 Pac. 584; *Bartlett v. Bank*, 70 Kan. 126, 78 Pac. 414; *Miller v. Thayer*, 96 Kan. 278, 150 Pac. 537; *Dalsing v. Leib*, 116 Kan. 44, 225 Pac. 1074; 54 C. J. 458.) Therefore, Ferguson had no independent judgment which he could assign to appellants. (See 34 C. J. 641, 646; *Porter v. Bagby*, 50 Kan. 412, 31 Pac. 1058.) Generally, when one buys property or rights of a litigant in a pending case he takes subject to the litigation. (*Harrod v. Burke*, 76 Kan. 909, 92 Pac. 1128.)

Soon after the replevin suit was affirmed by the supreme court the plaintiff tendered the incubators back to Ferguson, advised him

they had credited the amount of the $1,250 judgment on his indebtedness, and stated a balance due as of a given date. Mr. Cohen, on behalf of Mr. Ferguson, acknowledged the tender and statement of the amount due, but made a contention that Ferguson had not owned the judgment since the date of the assignment. In the action on the replevin bond brought by Ferguson, the present plaintiff, as defendant, pleaded this as an account stated. The trial court held it to be an account stated, and that judgment was affirmed on appeal. This was an adjudication of the right of the plaintiff to credit the $1,250 item on the amount due him from Ferguson. We think the trial court correctly held that this adjudication was binding upon these appellants as well as upon Ferguson. We have considered all the arguments and examined all the authorities cited by appellants, but regard it unnecessary further to extend this opinion.

The judgment of the court below is affirmed.